No. 17,726.

SAMMY WILLIAM MATZ *v.* PEOPLE OF THE
STATE OF COLORADO.
(291 P. [2d] 1059)

Decided January 3, 1956.

Mr. EDWARD B. ALMON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E.

46

HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for the People.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will hereinafter refer to plaintiff in error as defendant.

April 21, 1955, an information in two counts was filed in the trial court, in the first of which it was alleged that defendant committed the offense of burglary, and in the second, that he was party to a conspiracy to commit that crime.

May 2, 1955, upon arraignment, defendant entered pleas of not guilty and not guilty by reason of insanity, and was thereupon committed to the Colorado General Hospital for observation. May 4, 1955, the court appointed counsel to represent him. The said pleas were received prior to the entry of appearance of any lawyer on behalf of defendant.

May 12, 1955, defendant by his attorney, in open court, requested permission to withdraw his aforementioned pleas, and offered to enter a plea of guilty to the charges contained in the information. The district attorney on the same date, and apparently immediately following the offer of defendant, filed a written motion to dismiss the action. The motion set forth that the accused had been named defendant in another action based upon the same facts; that he had entered a plea of not guilty to the charges in that action, the information therein containing additional counts, and that to go forward with proceedings in the case first filed would be "repetitious." Defendant objected to the dismissal. The trial court continued the case for hearing on the questions presented, and, on May 20, 1955, granted the motion to dismiss and entered judgment accordingly.

Defendant seeks review of the judgment and insists

that error was committed by the trial court when it refused to permit him to withdraw his not guilty pleas and enter pleas of guilty. The record discloses that the second information filed against defendant contained habitual criminal counts not charged in the first information, and thus accounts for the rather unusual position defendant has assumed here.

## Question to be Determined.

*Where a defendant in a criminal case is arraigned and enters pleas of not guilty and not guilty by reason of insanity, does he thereafter have an absolute right to withdraw those pleas and enter a plea of guilty in order to avoid prosecution upon another information which includes habitual criminal counts?*

■ The question is answered in the negative. We think it well established law in this state that an application to change a plea is addressed to the sound discretion of the court, and its ruling will be reversed only for an abuse of that discretion, resulting in prejudice to the defendant whose application is denied. *Abshier v. People*, 87 Colo. 507, 289 Pac. 1081; *Champion v. People*, 124 Colo. 253, 236 P. (2d) 127. The prejudice resulting to defendant must be direct. In the case at bar the direct result of the trial court's judgment was that:

"* * * this cause be, and the same hereby is, dismissed, and that the said defendant Sammy William Matz of and from the premises in this said information specified, be discharged and go hence without day."

■ Defendant could not possibly suffer prejudice in the cause in which his pleas were entered by judgment of dismissal. The fact that the indirect result of the judgment is that he may be subjected to prosecution in another case involving the same facts plus habitual criminal counts, does not alter the situation so as to permit him to escape accountability on the habitual criminal counts.

■ Counsel for defendant argues at length that the

trial court is compelled to accept a plea of guilty when made or offered, and has no discretion with respect thereto. The statute relied upon is C.R.S. 1953, 39-7-8, the pertinent parts of which are as follows:

"In all cases where the party indicted shall plead guilty, such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea, after which, if the party indicted persists in pleading guilty, said plea shall be received and recorded, and the court proceed to render judgment and execution thereon, as if he had been found guilty by a jury."

Counsel overlooks the fact that under the record before us the trial court accepted and acted upon the pleas entered by defendant on his arraignment. Whether those pleas should stand or be withdrawn is a question which calls for an exercise of discretion on the part of the trial court.

We do not infer that a trial court is without discretion in the matter of accepting pleas of guilty offered upon arraignment; that question is not presented by the record in this case. We can, however, conceive that in some circumstances a trial court, in the protection of an accused, might well refuse to accept a tendered plea of guilty, while in other circumstances protection of the interests of the people might demand similar action.

The judgment is affirmed.